UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHEILA A. CLAYBORNE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1879** |
| **RAINBOW APPAREL COMPANIES** | **SECTION "G"(2)** |

### ORDER AND REASONS

Before the Court is Defendant Rainbow Apparel Companies' ("Rainbow") Motion to Dismiss,[1] wherein Rainbow moves for dismissal of the complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), claiming that Plaintiff Sheila A. Clayborne ("Plaintiff") failed to exhaust her administrative remedies before filing suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, because she allegedly did not timely file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") prior to filing this claim. Having considered the motion, the memorandum in support, the response, the reply, the sur-reply, and the complaint, the Court will deny the motion.

### I. Background

Plaintiff claims that she was wrongfully terminated by Rainbow in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e. Plaintiff alleges that she was fired in retaliation for complaining to District Manager Cindy Erwin about the decision to allow a manager, Dawn Costa, to return to work after allegedly using profanities and racial slurs.[2] According to Plaintiff, she left work on a "surgery leave," but when she applied for unemployment benefits after her knee surgery,

---

[1] Rec. Doc. 6

[2] Rec. Doc. 1 ¶¶ 5-9.

1

Plaintiff learned that she had been terminated for allegedly violating Rainbow's timeclock policy by leaving the store for over two hours without clocking out.[3]

Plaintiff filed suit on July 18, 2012 in the Eastern District of Louisiana.[4] Rainbow filed a Motion to Dismiss[5] on October 5, 2012, requesting dismissal of the action for Plaintiff's failure to exhaust her administrative remedies. The motion was initially referred to Magistrate Judge Wilkinson, and he granted Plaintiff leave to file an untimely opposition.[6] On November 13, 2012, the case referral to Magistrate Judge Wilkinson was vacated, because all parties did not consent to proceed before the magistrate judge.[7] Plaintiff filed an opposition on November 13, 2012,[8] and Rainbow filed a reply, with leave of court, on December 5, 2012.[9] The Court granted Plaintiff leave to file a sur-reply on December 10, 2012.[10]

## II. Parties' Arguments

In support of the motion to dismiss, Rainbow argues that Plaintiff has failed to exhaust her administrative remedies prior to filing suit in federal court, which requires Plaintiff to timely file a charge of discrimination (the "charge") with the EEOC and receive a statutory notice of right to

---

[3] *Id.* ¶¶ 11-15.

[4] Rec. Doc. 1.

[5] Rec. Doc. 6.

[6] Rec. Doc. 14.

[7] Rec. Doc. 16.

[8] Rec. Doc. 17.

[9] Rec. Doc. 21.

[10] Rec. Doc. 24.

sue.[11] Rainbow contends that the Court may consider Plaintiff's failure to exhaust her administrative remedies under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Rainbow contends that when deciding a 12(b)(6) motion to dismiss, the Court may consider additional documents attached to Rainbow's motion[11] "if Plaintiff refers to them in her complaint and they are central to the claims therein."[12] Here, Rainbow argues that the "right-to-sue" letter referenced in Plaintiff's complaint is part of the larger EEOC file, portions of which Rainbow attaches to its motion. Rainbow asserts that documents from the EEOC file demonstrating when the charge of discrimination was received are central to Plaintiff's claims.[13]

Alternatively, Rainbow argues that the Court may consider the additional documents attached to Rainbow's motion in evaluating a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Rainbow states that it has made a "factual attack" on Plaintiff's complaint, which "challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings," and in such circumstances that Court may consider matters outside of the pleadings.[14] Therefore, Rainbow contends that consideration of the documents contained in Plaintiff's EEOC file is appropriate at this stage of the litigation on a motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6).

According to Rainbow, Plaintiff filed her EEOC charge of discrimination late, and is

---

[11]   Rec. Doc. 6-1 at p. 5.

[11]   Rainbow obtained a copy of the EEOC's file through a Freedom of Information Act request, and has attached copies of some of the documents to the motion to dismiss. *Id.* at p. 1 n. 1.

[12]   *Id.* at p. 3 (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)).

[13]   *Id.* at p. 4.

[14]   *Id.* at pp. 4-5 (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).

3

therefore precluded from filing suit in this Court. Rainbow claims that Plaintiff was terminated on May 7, 2011, and therefore the deadline for Plaintiff to timely file an EEOC charge was 300 days after the day of her termination, or March 2, 2012.[15] Rainbow argues that Plaintiff did not file an EEOC charge until March 5, 2012, at the earliest.[16] In support of this contention, Rainbow attaches the declaration Plaintiff provided to the EEOC containing a date stamp of March 5, 2012.[17] Rainbow further notes that the EEOC initially issued a dismissal of Plaintiff's claim explaining that Plaintiff did not timely file a charge of discrimination, but at Plaintiff's request, the EEOC reconsidered its position based on Plaintiff's representation that she sent her declaration, which was construed as an EEOC charge, on March 1, 2012.[18] However, Rainbow emphasizes that the EEOC's decision was in error, because Fifth Circuit precedent explains that a charge is "filed" when it is received by the EEOC, not when it is sent by a plaintiff.[19]

In opposition to the pending motion, Plaintiff does not argue that consideration of the additional documents attached to Rainbow's motion is inappropriate. Instead, Plaintiff relies on the documents submitted by Rainbow to show that Plaintiff's declaration was received by the EEOC on March 1, 2012, before Plaintiff's 300-day limitations period had expired.[20] In support of this contention, Plaintiff notes that the upper left corner of Plaintiff's declaration from the EEOC's file

---

[15] *Id.* at p. 6.

[16] *Id.* at p. 7.

[17] Defendant contends "a court may consider documents a defendant attaches to the motion if the plaintiff refers to them in her complaint and they are central to the claims therein." Rec. Doc. 6-1 at p. 3 (citing *Collins*, 224 F.3d at 498.

[18] Rec. Doc. 6-1 at p. 7.

[19] *Id.* (citing *Taylor v. General Tel. Co. of Sw.*, 759 F.2d 437 (5th Cir. 1985) (citing 29 C.F.R. § 1601.13)).

[20] Rec. Doc. 17 at p. 1.

contains a time stamp indicating that the faxed declaration was received on March 1, 2012.[21] Additionally, Plaintiff submits her fax confirmation sheet indicating that the declaration was faxed on March 1, 2012 to the EEOC.[22]

In reply, Rainbow asserts that the March 1, 2012 date on the faxed declaration from the EEOC's file is not relevant, because the EEOC's date stamp on the declaration indicates it was received by the commission on March 5, 2012.[23] Additionally, Rainbow maintains that the fax confirmation sheet attached to Plaintiff's opposition cannot be considered by the Court, because (1) it was not contained in the EEOC's file; (2) Plaintiff does not provide any document attesting to the authenticity of the document; and (3) even if an affidavit was provided, it should not be considered because it is self-serving.[24] Thus, Rainbow reasons that Plaintiff cannot rely on a self-serving affidavit and an unauthenticated document to controvert the EEOC's date stamp on her declaration.

In the sur-reply, Plaintiff contends that even if the Court does not consider the fax confirmation sheet, the EEOC fax time stamp on the document Rainbow submitted in support of its motion to dismiss "ought to be sufficient to show when the document actually arrived at the EEOC."[25] Furthermore, Plaintiff argues that Rainbow does not dispute the accuracy of the digital time stamp on the faxed declaration or "even raise this issue in its reply.[26]

---

[21] *Id.*

[22] *Id.* at p. 3.

[23] Rec. Doc. 21 at p. 1.

[24] *Id.* (citing *Rizzuto v. Allstate Ins. Co.*, No. 07-4426, 2009 WL 1158677, at *1 (E.D. La. Apr. 27, 2009) (Vance, C.J.); *Kelly v. United States*, 805 F. Supp. 14 (E.D. La. 1992) (Arceneaux, J.).

[25] Rec. Doc. 24.

[26] *Id.*

### III. Law and Analysis

*A. Motion to Dismiss*

Rainbow has moved for dismissal of Plaintiff's complaint due to her alleged failure to exhaust her administrative remedies pursuant to Rule 12(b)(6), for failure to state a claim, and Rule 12(b)(1), for a lack of subject matter jurisdiction. Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[27] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[28] "Factual allegations must be enough to raise a right to relief above the speculative level,"[29] and a claim is facially plausible when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[30] However, "[a] motion to dismiss on the basis of the pleadings alone should rarely be granted."[31]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[32] However, although required to accept all "well-pleaded facts" as true, the court is not required to accept legal conclusions as true.[33] "While legal conclusions can

---

[27] Fed. R. Civ. P. 12(b)(6).

[28] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[29] *Twombly*, 550 U.S. at 556.

[30] *Id.* at 570.

[31] *Madison* v. *Purdy*, 410 F.2d 99, 100 (5th Cir. 1969).

[32] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007).

[33] *Iqbal*, 556 U.S. 662, 677-78.

6

provide the framework of a complaint, they must be supported by factual allegations."[34] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[35] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[36]

Generally, a district court is limited to the facts stated in the complaint in considering a Rule 12(b)(6) motion to dismiss.[37] However, a court may also consider documents that a defendant attaches to the motion that are referred to in the plaintiff's complaint and are central to the claims asserted in the complaint.[38]

Alternatively, a motion to dismiss for failure to exhaust administrative remedies may be evaluated under Federal Rule of Civil Procedure 12(b)(1), for a lack of subject matter jurisdiction.[39] Under Rule 12(b)(1), the Fifth Circuit has clarified the difference between a "facial" and "factual" attack on subject matter jurisdiction. A "'facial attack' on the complaint requires the court merely to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the

---

[34] *Id.* at 679.

[35] *Id.* at 678.

[36] *Moore v. Metropolitan Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, C.J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n. 9 (5th Cir. 2007)).

[37] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). *See also In re Chinese Manufactured Drywall Products Liab. Litig.*, 759 F. Supp. 2d 822, 828 (E.D. La. 2010) (Fallon, J.).

[38] *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205 (citing *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins*, 224 F.3d at 498)).

[39] *See Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006); *Shah v. Quinlin*, 901 F.2d 1241, 1244 (5th Cir. 1990) (citing *Miller v. Stanmore*, 636 F.2d 986, 991 n. 5 (5th Cir. Unit A Feb. 1981)).

7

allegations in his complaint are taken as true for purposes of the motion."[40]  In contrast, the Fifth Circuit explained that a "factual attack" under Rule 12(b)(1), which may occur at any stage of the proceedings, "challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered."[41] Accordingly, when a defendant challenges the existence of subject matter jurisdiction in fact, a court may consider documents attached to the defendant's motion to evaluate the basis of subject matter jurisdiction in federal court.

## B. *Applicable Law*

Prior to filing suit in federal court for violations of Title VII, a plaintiff must comply with Title VII's administrative prerequisites, including the timely filing of a charge of discrimination with the EEOC.[42]  The plaintiff must file an EEOC charge within 300 days of the alleged discriminatory employment action.[43]  In *Taylor v. General Telephone Co. of Southwest*,[44] the United States Court of Appeals for the Fifth Circuit held that a charge is not "filed" until it is received by the EEOC.[45] This 300-day limitations period on an employment discrimination claim "begins to run from the time the complainant knows or reasonably should have known that the challenged act has occurred."[46]

---

[40] *Menchaca*, 613 F.2d at 511.

[41] *Id.* at 511.

[42] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002); *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996).

[43] 42 U.S.C. 2000e-5(e)(1); *Janmeja v. Bd. of Supervisors of La. State Univ.*, 96 F. App'x 212, 214 (5th Cir. 2004).

[44] 759 F.2d 437.

[45] *Id.* at 440.

[46] *Vadie v. Miss. State Univ.*, 218 F.3d 365, 371 (5th Cir. 2000).

The failure to exhaust administrative remedies, including failure to timely file a charge with the EEOC, renders the case subject to dismissal.[47]

*C. Analysis*

Although Plaintiff does not object to consideration of the documents from the EEOC file attached to Rainbow's motion to dismiss, the Court nevertheless will evaluate whether consideration of these documents is appropriate on a motion to dismiss. A court may consider documents that Rainbow attaches to the motion to dismiss, pursuant to Rule 12(b)(6), if they are "referred to in the plaintiff's complaint and are central to the claims asserted in the complaint."[48] Here, Plaintiff's complaint referred to the "right-to-sue" letter,[49] which was part of the larger EEOC file that Rainbow has attached to the motion. Additionally, documents Rainbow attaches to the motion to dismiss are central to the claims at issue because the exhaustion of administrative remedies is a precondition to filing suit in federal court.[50] Thus, the Court finds that it may consider the documents attached to the motion to determine, under Rule 12(b)(6), whether Plaintiff has stated a claim upon which relief can be granted.

Further, the Court may also dismiss the complaint under Rule 12(b)(1) if Plaintiff has failed to exhaust her administrative remedies.[51] Rainbow has made a "factual" attack on the existence of subject matter jurisdiction in this case, pursuant to Rule 12(b)(1). Therefore, the Court may consider evidence beyond the pleadings, including the documents Rainbow attaches to the motion to dismiss,

---

[47] *Hoffman v. Boeing*, 596 F.2d 683, 685 (5th Cir. 1979).

[48] *See Collins*, 224 F.3d at 498.

[49] Rec. Doc. 1 ¶ 2.

[50] *See Dao*, 96 F.3d at 789.

[51] *See Shah* 901 F.2d at 1244 (citing *Miller*, 636 F.2d at 991 n. 5).

9

to evaluate whether Plaintiff exhausted her administrative remedies prior to filing suit.[52]

The central issue before the Court is whether Plaintiff's declaration, which the EEOC construed as a charge of discrimination, was received on March 1, 2012 or March 5, 2012. If the declaration was not received by the EEOC until March 5, 2012, Rainbow contends that the charge was untimely because Plaintiff's 300-day limitations period expired on March 2, 2012. The declaration attached to the motion to dismiss contains a digital time stamp printed in the upper left corner of the document indicating that the fax was sent to the EEOC on March 1, 2012. However, the declaration also contains a date stamp that was physically stamped onto the document on March 5, 2012. Neither party has provided an explanation as to why one stamp is more reliable than the other. Moreover, the document being challenged by Rainbow as not authentic, was in fact a document submitted by Rainbow in support of its motion to dismiss. Considering that motions to dismiss are rarely granted and the document submitted by Rainbow provides a plausible basis for this Court to conclude that the charge was timely received by the EEOC, the Court will deny the motion to dismiss.

The Court also notes, as an alternative basis for denying the motion to dismiss, that the complaint states that Plaintiff "learned for the first time that she had been fired" between May 24 and May 27 of 2011.[53] The law provides that the 300-day limitations period does not begin to run until Plaintiff "knows or reasonably should have known that the challenged act has occurred."[54] Therefore, reading the complaint in the light most favorable to Plaintiff, even if the discriminatory

---

[52] *See Menchaca*, 613 F.2d at 511.

[53] Rec. Doc. 1 at ¶¶ 13, 17.

[54] *Vadie*, 218 F.3d at 371.

10

act occurred on May 7, 2011, the complaint alleges that Plaintiff was not aware of the discrimination until May 24, 2011, at the earliest. Indeed, the EEOC reached the same conclusion that the 300-day limitations period began to run on Plaintiff's claim on May 24, 2011, when it revoked an earlier notice of dismissal based on the untimeliness of the charge.[55] Therefore, Plaintiff's EEOC charge, for the purposes of the pending motion, was timely.

### IV.  Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by Rainbow Apparel Companies[56] is **DENIED.**

**NEW ORLEANS, LOUISIANA,** this __4th__ day of June, 2013.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[55] *See* Rec. Doc. 21-1 at p. 11.

[56] Rec. Doc. 6.